IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Judge Philip A. Brimmer**

Civil Action No. 09-cv-00506-PAB

ELLY LORENTZEN,

    Plaintiff,

v.

DAVID P. LORENTZEN,

    Defendant.
_____

**ORDER REMANDING CASE TO STATE COURT**
_____

    The matter before me is a Notice of Removal of State Court Action to U.S. District Court [Docket No. 1] filed by David P. Lorentzen, the respondent in a state dissolution of marriage action.

    I must construe liberally the notice of removal because Mr. Lorentzen is not represented by an attorney. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, I should not be an advocate for a *pro se* litigant. *See Hall*, 935 F.2d at 1110. For the reasons stated below, I conclude that the Court is without subject matter jurisdiction and the notice of removal is otherwise defective. Accordingly, this action must be dismissed.

    On March 9, 2009, Mr. Lorentzen filed his notice of removal with this Court. According to Mr. Lorentzen, removal was proper due to the existence of federal questions. Mr. Lorentzen therefore appears to invoke 28 U.S.C. § 1441(b), which provides: "Any civil action of which the district courts have original jurisdiction founded

on a claim or right arising under the Constitution, treaties or laws of the United States shall be removable without regard to the citizenship or residence of the parties."

"[A]n inquiry into the propriety of removal under § 1441(b) necessarily incorporates an inquiry into subject matter jurisdiction." *Dalrymple v. Grand River Dam Auth.*, 145 F.3d 1180, 1185 (10th Cir. 1998). Mr. Lorentzen, as the party invoking federal jurisdiction, bears the burden of proof as to this Court's jurisdiction over the subject matter of this case. *Martin v. Franklin Capital Corp.*, 251 F.3d 1284, 1290 (10th Cir.2001); *Sac & Fox Nation of Okla. v. Cuomo*, 193 F.3d. 1162, 1165 (10th Cir. 1999) (quoting *Marcus v. Kansas*, 170 F.3d 1305, 1309 (10th Cir. 1999)). Because there is a presumption against removal, the Court presumes that no jurisdiction exists absent an adequate showing by Mr. Lorentzen. *Martin*, 251 F.3d at 1289-90; *Laughlin v. Kmart Corp.*, 50 F.3d 871, 873 (10th Cir. 1995). "The Court may examine the existence of its purported subject-matter jurisdiction *sua sponte* at any time, and remand the action if a basis for jurisdiction does not appear in the record." *Wells Fargo Bank, N.A. v. Ricotta*, No. 06-cv-01702-MSK, 2006 WL 2548339, *1 (D. Colo. Aug. 31, 2006) (unpublished); *see also Salman v. Arthur Andersen, LLP*, 375 F. Supp. 2d 1233, 1237 (D.N.M. 2005) (citing *Laughlin*, 50 F.3d at 873). Further, 28 U.S.C. § 1447(c) makes mandatory remand to state court where federal subject matter is lacking: "If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded."

The statute governing removal procedure, 28 U.S.C. § 1446, requires that, in circumstances where the initial state-court pleading is removable to federal court, the

2

notice of removal be filed within thirty days of the removing party's receipt of that pleading. 28 U.S.C. § 1446(b). If the initial pleading is not removable, but "an amended pleading, motion, order or other paper" later raises facts from which it may first be determined that the case is removable, then the notice of removal must be filed within thirty days of such pleading, motion, order or other paper. *Id.* The thirty-day time limitations set forth in Section 1446(b), like all removal statutes, must be strictly construed. *See Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100, 108 (1941); *Pritchett v. Office Depot, Inc.*, 420 F.3d 1090, 1094-95 (10th Cir.2005).

In the instant case, under Section 1446(b), the thirty-day removal window triggered by commencement of the state-court action has long since lapsed, as the state case was initiated on February 7, 2006. Thus, Mr. Lorentzen's notice of removal is timely only if some pleading, motion, order or other paper was filed in the state court action on or after February 9, 2009 "from which it may first be ascertained that the case is one which is or has become removable." 28 U.S.C. § 1446(b). The only papers referenced in Mr. Lorentzen's notice of removal falling within this thirty-day window are Mr. Lorentzen's "Motion to Dismiss for Lack of Subject Matter Jurisdiction and Motion for Enlargement of Time," filed in the Montrose County District Court on February 19, 2009, and a Minute Order of the same date issued by District Court Judge Jeff B. Herron.

Neither Mr. Lorentzen's state-court motion to dismiss nor Judge Herron's February 19, 2009 Minute Order provide a basis for removal. As to the motion to dismiss, "[i]t is now axiomatic that jurisdiction cannot be predicated upon a defense that raises a federal question, no matter that the issue might prove to be dispositive."

3

*Nielsen v. Archdiocese of Denver*, 413 F. Supp. 2d 1181, 1183 (D. Colo. 2006); *see also Franchise Tax Bd. v. Construction Laborers Vacation Trust*, 463 U.S. 1, 14 (1983) ("[S]ince 1887 it has been settled law that a case may not be removed to federal court on the basis of a federal defense."). This rule is a necessary corollary to the well-pleaded complaint rule, which requires that "for a case to arise under federal law, the federal question must be apparent on the face of a well-pleaded complaint." *Rice v. Office of Servicemembers' Group Life Ins.*, 260 F.3d 1240, 1245 (10th Cir. 2001). Mr. Lorentzen's motion to dismiss, then, cannot serve as a basis for removal to this Court.[1]

The Minute Order issued by Judge Herron on February 19, 2009 similarly contains no grounds for removal. The Minute Order denies Mr. Lorentzen's motion to dismiss, finds Mr. Lorentzen in punitive contempt of court, and imposes a six month jail sentence. Beyond the rulings on the petitioner's motion for contempt, the Minute Order does not address any claims for relief by the petitioner, let alone hold that federal law is implicated by such claims. In short, the February 19, 2009 Minute Order does not raise any question of federal law and cannot support removal.

Viewing Mr. Lorentzen's notice of removal more broadly lends additional support for my conclusion that removal is improper. Mr. Lorentzen asks this Court to embark on one of two paths, neither of which accords with federal law. First, through his notice of removal, Mr. Lorentzen appears to ask this Court to function as an appeals court for the

---

[1] Further, each of Mr. Lorentzen's contentions in his motion to dismiss in support of his argument that the Montrose County District Court lacks subject matter stems from hearings, orders or other proceedings in the state-court action that predate February 9, 2009. Therefore, even putting aside the propriety of removal, Mr. Lorentzen's motion to dismiss was not the *first* paper from which Mr. Lorentzen could have ascertained whether the action was removable, as required by 28 U.S.C. § 1446(b).

4

claims at issue in the underlying state-court action. Under the *Rooker-Feldman* doctrine, federal courts other than the United States Supreme Court lack jurisdiction to adjudicate claims seeking review of state-court judgments. *See District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462, 486 (1983); *Rooker v. Fidelity Trust Co.*, 263 U.S. 413, 415-16 (1923). That doctrine precludes cases, such as this one, brought by parties aggrieved by "state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284 (2005). In fact, the February 19, 2009 Minute Order of which Mr. Lorentzen complains states that "the Court advised Mr. Lorentzen of his right to appeal the decision of the Court" to the appropriate tribunal, that is, the Colorado Court of Appeals. Notice of Removal p. 98. Second, "federal-court interference with the State's contempt process is an offense to the State's interest . . . likely to be every bit as great as it would be were this a criminal proceeding." *Juidice v. Vail*, 430 U.S. 327, 336 (1977). This Court must therefore abstain from interfering with the state-court contempt proceedings that Mr. Lorentzen challenges in his notice of removal. *See id.*; *Younger v. Harris*, 401 U.S. 37, 45 (1971) (forbidding federal courts from enjoining state-court criminal proceedings absent extraordinary circumstances). Because this Court cannot function as an appellate court with respect to the underlying state-court proceedings and because the circumstances identified in Mr. Lorentzen's notice of removal fail to describe extraordinary circumstances that would justify intervention in the contempt proceedings, the Court lacks jurisdiction over this action.

For the foregoing reasons, it is

**ORDERED** that, to the extent that David P. Lorentzen's notice of removal [Docket No. 1] can be construed to include a motion to stay the imposition of state-court contempt sanctions, such relief is DENIED. It is further

**ORDERED** that this case is REMANDED to the District Court, Montrose County, Montrose, Colorado, where it was originally filed as Case No. 2006DR30, Division 3.

DATED March 11, 2009.

BY THE COURT:

s/Philip A. Brimmer
PHILIP A. BRIMMER
United States District Judge